

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/16/2008

| | | |
|---|---|---|
| IN RE: | § | |
| SHAMA SHEIKH; fka SHAMA SHAFIQUE | § | CASE NO: 06-34079 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| RODNEY D TOW, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3698 |
| | § | |
| RUTH WILLIAMS KENDALL | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION
CONCERNING ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

    A divorce decree entered in state court awarded Shama Sheikh ("Debtor") all interest in Al Karim International, Inc.  Debtor caused Al Karim International, Inc., to transfer real property to Defendant Ruth Kendall prior to Debtor filing her petition commencing her bankruptcy case.  Rodney Tow, Chapter 7 Trustee and Debtor's ex-husband Wasim Sheikh challenged the validity of the transfer.  After clarification of the divorce decree by the state court, Kendall seeks partial summary judgment against Wasim Ahmed Sheikh and Peter Pratt, as Receiver for Wasim Ahmed Sheikh.  Wasim Sheikh and Pratt have not filed a response.  Partial summary judgment is granted by separate order issued this date.  This grant of partial summary judgment does not affect claims asserted by the Chapter 7 Trustee, but the parties informed the Court that that dispute has been settled.

    **I.    STANDARDS FOR SUMMARY JUDGMENT**

    Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986).  Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

    All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact.  *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986).  Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial.  *See Anderson v. Liberty*

*Lobby, Inc.*, 106 S.Ct. at 2511.  Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial.  *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## II.  FACTS

On March 9, 2005, the 311th District Court, Harris County, Texas entered a Modified Final Judgment (the "Divorce Decree") in the divorce case of Shama and Wasim Ahmed Sheikh. The Divorce Decree awarded Shama Sheikh all interest in Al Karim International, Inc. and divested Wasim Ahmed Sheikh all right, title and interest in Al Karim International, Inc. *Divorce Decree*, Doc. # 59 Movant's Ex. A.

By warranty deed dated January 25, 2006, Al Karim International, Inc. transferred certain real property commonly known as 22028-D Highland Knolls, Katy, Texas 77450 (the "Property") to Sheikh Properties, Inc.  *Jan. 25, 2006, Warranty Deed*, Doc. # 59 Movant's Ex. C. By warranty deed dated April 17, 2006, Sheikh Properties, Inc. transferred the Property to Ruth Williams Kendall.  *Apr. 17, 2006, Warranty Deed*, Doc. # 59 Movant's Ex. C.

Wasim Ahmed Sheikh as a co-plaintiff initiated this adversary proceeding contesting the validity of the transfer to Ms. Kendall alleging that he retained an interest in Al Karim International, Inc.  Peter Pratt was appointed Receiver for Wasim Ahmed Sheikh with the power to liquidate his non-exempt assets.  *Order Granting Turnover and Appointing Receiver*, Doc. # 59 Movant's Ex. B.  Pratt moved to intervene in this action and by order entered June 15, 2007, that motion was granted.

On November 1, 2007, the First Court of Appeals issued an opinion affirming the Divorce Decree.  *Memorandum Opinion*, Doc. # 59 Movant's Ex. E.  On December 17, 2007 Wasim Ahmed Sheikh filed a motion for rehearing en banc which was denied on January 4, 2008.  *Order Denying Rehearing*, Doc. # 59 Movant's Ex. F.

On December 13, 2007, the First Court of Appeals issued an opinion reversing the

appointment of Peter Pratt as receiver. *Memorandum Opinion Reversing Receivership*, Doc. # 59 Movant's Ex. G. No further appeal was sought of this order and the order is now final.

### III.  CONCLUSIONS OF LAW

In the pending motion for partial summary judgment, Defendant Kendall alleges that Wasim Ahmed Sheikh and Peter Pratt lack standing to prosecute this adversary proceeding. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Standing is a jurisdictional question, and thus a question of law. *See James v. City of Dallas*, 254 F.3d 551, 562 (5th Cir. 2001).

> It is by now well settled that "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*United States v. Hays*, 515 U.S. 737, 742-43, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

Competent summary judgment evidence demonstrates that Wasim Ahmed Sheikh was divested of all right, title and interest in Al Karim International, Inc. prior to the transfer about which he complains. Accordingly, he has no right, title or interest in the outcome of a lawsuit contesting the validity of the transfer of the Property from Al Karim International, Inc. or the transfer from Sheikh Properties, Inc. to Ms. Kendall. Similarly, competent summary judgment evidence demonstrates that Pratt has no authority to act as a receiver for Wasim Ahmed Sheikh. Therefore, Pratt has no standing to contest the validity of the transfer of the Property into Ms. Kendall.

The motion for partial summary judgment was served on Pratt and on counsel for Wasim Sheikh on April 11, 2008. Neither has filed a response.

### IV.  CONCLUSION

By separate order issued this date, partial summary judgment is granted against Wasim Ahmed Sheikh and Peter Pratt, as Receiver for Wasim Ahmed Sheikh.

SIGNED 05/16/2008.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge